IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>vs.<br><br>Brandon Goodsell,<br><br>     Defendant. | 4:21-CR-3003<br><br>ORDER |

  This matter is before the Court on a lengthy *pro se* submission from the defendant that the Court construes as a motion to dismiss. Filing 59. The defendant's motion comprises a variety of spurious legal arguments and conspiracy theories that the Court recognizes as being associated with the so-called "sovereign citizen" movement. *See generally United States v. Barraza,* 982 F.3d 1106, 1113 n.3 (8th Cir. 2020), *cert. denied,* 142 S. Ct. 267 (2021); *United States v. Simonson,* 563 F. App'x 514 (8th Cir. 2014); *United States v. Hardin,* 489 F. App'x 984, 986 (8th Cir. 2012); *United States v. Hart,* 701 F.2d 749, 750 (8th Cir. 1983).[1]

  The Court has reviewed the filing thoroughly and finds none of those arguments and theories to have any conceivable legal merit, but will briefly

---

[1] The Court notes that the defendant's submission seems to have been written by a number of different hands, suggesting a number of different authors. The Court isn't sure who is assisting the defendant, but they're not helping him. The defendant would be well-advised to rely on his experienced and capable defense counsel, not whoever else he might be listening to. As it stands, the defendant's position calls into question whether he should receive credit at sentencing for acceptance of responsibility, given that he now seems to deny having committed a crime. *See, e.g.,* filing 59 at 37.

touch on the highlights. This Court has jurisdiction over offenses against laws of the United States. *See United States v. Hird*, No. 21-2664, 2022 WL 782686, at *1 (8th Cir. Mar. 15, 2022) (citing 18 U.S.C. § 3231). The theory that § 3231 wasn't validly enacted, *see* filing 59 at 39-40, has repeatedly been found "unbelievably frivolous," *see United States v. Schumaker*, 479 F. App'x 878, 882 (11th Cir. 2012) (quoting *United States v. Collins,* 510 F.3d 697, 698 (7th Cir. 2007)); *see also United States v. Smith,* 529 F. App'x 798, 799 (8th Cir. 2013). And the defendant's contention that he hasn't committed a crime because there was no "intent to harm" is also without merit: the defendant admitted that he knowingly possessed methamphetamine with intent to distribute it, see filing 51 at 22-23, and knowingly possessed a firearm in connection with that offense, which is all that's required to violate 21 U.S.C. § 841 and 18 U.S.C. § 924.

Because the defendant's motion is entirely frivolous,

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 59) is denied.

2. The Clerk of the Court is directed to provide the defendant with a copy of this order and a file-stamped copy of his motion (filing 59).

Dated this 15th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge